### JOSEPH P. WOODBURY *vs.* BENJAMIN C. JONES.

A declaration for "money received by the defendant to the plaintiff's use, in the sale by the defendant of property of the plaintiff intrusted to the defendant to sell, which sum the defendant has received and neglected to account to the plaintiff for," is a declaration for money had and received, and the sale of the property is not to be deemed admitted by the defendant, under *St.* 1852, *c.* 312, § 26, by his omission to deny it in his answer.

ACTION OF CONTRACT. The declaration was thus : " The plaintiff says the defendant owes him twenty five hundred dollars, for money received by the defendant to the plaintiff's use, in the sale by the defendant, at some time between the month of June 1851, and the month of June 1852, (and the plaintiff cannot now more particularly state the time of sale,) at London, of a certain Woodbury's patent planing, tonguing and grooving machine, the property of the plaintiff, and by him intrusted to said defendant to sell, of the value of twenty five hundred dollars ; which said sum the defendant has so received, and neglected to account to the plaintiff for the same or any part thereof." Answer, that the defendant " denies that he received to the plaintiff's use the money mentioned in the plaintiff's declaration, or any part thereof."

At the trial in the court of common pleas, there was evidence tending to show that the machine mentioned in the declaration was intrusted to the defendant for sale, and that the defendant had never accounted to the plaintiff for the same ; but there was no evidence that the defendant had ever made a sale, or received any proceeds thereof to the plaintiff's use. The plaintiff con-

tended that the defendant was estopped to deny the sale by him, because he had not denied it in his answer. But *Mellen,* J. ruled that the plaintiff, upon this evidence, could not recover in this action; and directed a verdict for the defendant, which was returned accordingly. The plaintiff alleged exceptions.

*B. Pond,* for the plaintiff. The declaration sufficiently alleges that the plaintiff intrusted the machine to the defendant for sale; that the defendant agreed to sell it and account for the proceeds; and that he has sold it, but neglects to account for the proceeds. It thus conforms, in substance, to an action by a principal against his factor for a failure to account. 2 Chit. Pl. (6th Amer. ed.) 343. The defendant's answer, not having denied the sale, admits it. *St.* 1852, *c.* 312, §§ 14, 26.

*M. Morton, Jr.* for the defendant. This is an action for money had and received, and cannot therefore be maintained without proof that the defendant has received the price of the machine in money or its equivalent. *Jones* v. *Hoar,* 5 Pick. 285. *Gilmore* v. *Wilbur,* 12 Pick. 120. *Shaw* v. *Becket,* 7 Cush. 443. *Cutler* v. *Rand,* 8 Cush. 91. *Bartlett* v. *Bramhall, ante,* 257. *Berly* v. *Taylor,* 5 Hill, 577. 2 Greenl. Ev. § 117. The sale is not " a substantive fact, necessary to constitute the cause of action, alleged with substantial precision and certainty," and is not therefore to be deemed to be admitted by the answer. *St.* 1852, *c.* 312, § 2, *cl.* 3, & § 26. *Brown* v. *Wakefield,* 1 Gray, 450. *Adams* v. *Moore,* 7 Greenl. 86.

BIGELOW, J. The plaintiff's declaration, in its substantive averments, is for money had and received to the plaintiff's use, and could well be supported by the ordinary proof necessary to maintain such action. Indeed, the allegation with which the plaintiff commences is in the precise form prescribed by the practice act for money had and received. This is the only direct averment. All the rest of the declaration is incidental to this, and is descriptive merely of the means or source through which the money so received was obtained. Such a statement was surplusage, because it did not embrace any substantive fact necessary to constitute the cause of action. Every thing essential was comprehended in the simple averment of money had and received by the defendant to the plaintiff's use. The mode

of its receipt was wholly immaterial, and the statement of it in the declaration would have warranted a motion on the part of the defendant to strike it out, under § 5 of the *St.* of 1852, c. 312. But being in, the plaintiff cannot use it to change the real substance of his action, in order to meet a new aspect of his case on the evidence as disclosed at the trial; nor to obtain an advantage, by treating the omission of the defendant to deny such immaterial facts as an admission upon which to charge him with a claim essentially different in its nature from that for which the suit was originally brought. The plaintiff, in order to maintain his action, was therefore bound to prove that the defendant had received money which in equity and good conscience he ought to have paid to the plaintiff. The evidence offered at the trial entirely failed to show this. The ruling was therefore correct. *Exceptions overruled.*